# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NATASHA PARRISH | )  CASE NO. 16-32030(1)(7) |
| | ) |
| Debtor | ) |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Natasha Parrish ("Debtor") against Creditor Army and Air Force Exchange Service ("Exchange"). The Court considered the Debtor's Motion, the Response of the Exchange and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will grant the Motion in part and deny the Motion in part.

## PROCEDURAL AND FACTUAL BACKGROUND

The Debtor was an active duty member of the United States Military. The Exchange is an instrumentality of the United States Army and Air Force within the Department of Defense. The Exchange offers credit programs to active duty military which allows its cardholders to purchase goods and services at Exchange facilities worldwide.

The Debtor opened two lines of credit with the Exchange in 2010. Debtor defaulted on both accounts in 2013. As an agency of the federal government, the Exchange placed the delinquent debts into the Treasury Offset Program which allows the U.S. Treasury to offset any amount owed to a federal agency against any eligible federal payments, including tax refunds. Debtor was notified in 2013 that the Exchange was going to effect an offset in order to collect on the delinquent debts.

In February 2015, the Exchange received a tax overpayment for $5,352 from the IRS based on the Debtor's tax refund. The Debtor requested consideration for hardship due to financial difficulties. The request for hardship was approved and the Debtor received a refund of $2,700 in March 2015.

The Debtor's tax refund for 2015 accrued in December 2015. The Exchange uses an outside collection agency to collect the offset accounts, which initiated the process to offset Debtor's 2015 federal tax refund.

On June 30, 2016, Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code and listed the debt owed to the Exchange on her Schedules. The Exchange's collection agency flagged the Debtor's account shortly after receiving notice of the Debtor's Petition on July 12, 2016. According to an Affidavit filed with the Exchange's Response to the Debtor's Motion, the bankruptcy files are only processed once a week. Due to the delay in communication between the Exchange and the IRS, the Debtor's tax refund for 2015 was intercepted and on July 14, 2016, Debtor's federal refund of $5,225 was posted to the Exchange's account from the IRS. At no time did the Exchange seek relief from the automatic stay pursuant to 11 U.S.C. § 362.

## LEGAL ANALYSIS

Debtor contends that the Exchange violated 11 U.S.C. § 362 when it posted the Debtor's tax refund to the Exchange's account post-petition without first seeking relief from the stay from this Court. Indeed, 11 U.S.C. § 362(7) provides, in pertinent part, that a petition operates as a stay as to the "setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor."

The Bankruptcy Code, under 11 U.S.C. § 553 preserves the right of a creditor to effect setoff where (1) there are mutual pre-petition obligations owing between the debtor and the creditor; and (2) the right to setoff these obligations exists under non-bankruptcy law. The prevailing view of the law is that the United States and its various agencies and departments comprise one unitary creditor. *See Lopes v. United States Dept. of Housing and Urban Dev.*, 211 B.R. 443, 445 (D. R. I. 1997). In general, mutual debts are those owed between the same parties and in the same capacity. 5 *Collier on Bankruptcy* § 553.03[3][a] (16th ed. 2016). Capacity means the parties owe each other something in their own name, rather than as a fiduciary. *Id.*

The obligations owed by the Debtor to the Exchange and the refund due the Debtor are mutual, pre-petition obligations arising between the Debtor and the Exchange. Thus, the first element of setoff is met.

Next, the right to setoff the obligations exists under non-bankruptcy law. The Exchange cites *United States v. Tafoya*, 803 F.2d 140, 141 (5th Cir. 1986) and *In re Metropolitan Hosp.*, 110 B.R. 731, 741 (Bankr. E.D. Pa. 1990), in support of its claim that the United States has both a state law right to setoff, as well as a right of setoff "inherent in the United States" which exists independent of any statutory grant of authority to the executive branch. The Court also notes the United States right to setoff debts owed to federal agencies is also set forth in 26 U.S.C. § 6402(d), part of the Deficit Reduction Act of 1984. Thus, the second element for establishing the right to setoff, a right to setoff under non-bankruptcy law, is met in this case.

Although the right to setoff exists, it is also clear that the right to effect a setoff is stayed by the automatic stay. *See, In re Bourne*, 262 B.R. 745, 759 (Bankr. E.D. Tenn. 2001), and cases cited

therein.  The Exchange should have sought stay relief before effecting the setoff.  Thus, the offset did result in a technical violation of the automatic stay.

The Exchange in its Response to the Motion for Sanctions establishes that the facts before the Court justify the Exchange's right to setoff under the Bankruptcy Code.  However, the right to setoff does not excuse the Exchange's failure to first seek relief from the automatic stay.  Instead, the Exchange indicates in its supporting Affidavit that its failure to obtain stay relief resulted from a delay in communication between its collection agency and the IRS.  Debtor seeks its attorney's fees and a return of the funds offset as sanctions for the Exchange's violation of the stay.

Courts that have considered the issue of whether the right to setoff should be denied to a creditor who has violated the automatic stay have reached differing conclusions.  The Sixth Circuit, however, has held that there is a presumption in favor of setoff, unless it would prejudice other third-party creditors.  *In re Larbar Corp.*, 177 F.3d 439 (6th Cir. 1999).

In this case, there has been no showing of prejudice to any third-party creditors by allowing the setoff.  Also, the stay violation was inadvertent.  As in the case of *In re Gribben*, 158 B.R. 920, 925 (S. D. N. Y. 1993), there is no indication that had the Exchange sought stay relief that it would have been denied.  Therefore, there is no basis for the Court to prohibit the Exchange's right to setoff.

The Court, however, will award the Debtor a minimal amount in sanctions for the Exchange's inadvertent violation of the stay.  The Court finds that an award of $250 in attorney's fees and $200 in sanctions fairly compensates the Debtor under the facts set before the Court herein.

## **CONCLUSION**

For all of the above reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Debtor's Motion for Sanctions for Violation of the Automatic Stay against Creditor Army and Air Force Exchange Service.  An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 16, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
NATASHA PARRISH ) CASE NO. 16-32030(1)(7)
)
Debtor )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Natasha Parrish against Creditor Army and Air Force Exchange Service, be and hereby is, **GRANTED IN PART AND DENIED IN PART**. The Debtor is awarded her attorney's fees in the amount of $250 and $200 as sanctions to compensate the Debtor for the Exchange's violation of the automatic stay of 11 U.S.C. § 362. The Creditor, however, is entitled to retain the Debtor's 2015 federal tax return as an offset pursuant to 11 U.S.C. § 553.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 16, 2016